### MAX STOCKNER vs. EDWARD SPARROW, ADMINISTRATOR.

GUNBY, J. Where plaintiff, in an action of boundary, obtains an order for the survey, and a survey shows that the defendant is in possession of property belonging to plaintiff, the latter cannot take possession until the suit is determined, as the survey does not have the effect of evicting either party from the land in their possession. C. C. 839, 852.

2. But if defendant pull up the stakes fixed by the surveyor, and attempt to obliterate the marks of the same, he may be enjoined, and the injunction cannot be released on bond. To permit defendant to destroy a survey made by order of a court of competent jurisdiction, would make a farce of legal process, and effectually obstruct the course of justice.

---

### C. D. BENTON vs. PARISH OF EAST CARROLL.

MAYO, J. There is a well defined distinction between political and public or private corporations, and the rule is well settled that the people are not bound, in their corporate capacity for the torts of the officers of Counties or Parishes. Dillon on Corporations, 31, 718, 719.

2. Where plaintiff sues the Parish for damage done to his team by the falling of a bridge on a public road, alleging that the bridge was neglected by the Police Jury until it became defective, decayed and insecure, held: Plaintiff has no right of action against the Parish for such damages.

---

### WOOD & LEE vs. A. COHN ET ALS.

GUNBY, J. Plaintiffs sue as the judgment creditors of S. Cohn, to set aside and have declared fraudulent and simulated, four different transactions of their debtor, viz: a mortgage to his brother, a sale to his clerk, a judgment in favor of his wife, and a sale to his brother's book-keeper. He averred that all these transactions were collusive and the offspring of one common and combined scheme, concocted by their debtor to swindle his creditors, and to make the four parties with whom said transactions were made defendants in this suit. A plea of misjoinder of parties was filed and sustained by the District Judge, but overruled by the Circuit Court, which held that under the allegations, the parties were properly joined.

2. Where one defendant files an exception, the Judge cannot on trial thereof dismiss other defendants who have not complained.